OPINION
{¶ 1} Thurman Matthews ("Matthews") appeals the February 4, 2003 judgment entry of the Lake County Court of Common Pleas terminating Matthews' community control sanctions and sentencing him to twelve months in prison. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} On April 24, 2001, Matthews sold 3.28 grams of marijuana to a confidential informant of the Lake County Narcotics Agency ("LCNA"). On the following day, Matthews sold an ounce of marijuana to the same informant. After the initial sale, Matthews tried, without success, to obtain another ounce of marijuana to sell to the informant.
 {¶ 3} On July 23, 2001, Matthews met narcotics agents at the Willoughby Police Department. After he was read his Miranda rights, Matthews waived these rights and gave a verbal statement. Matthews admitted to selling the marijuana on the two occasions and agreed to cooperate with the LCNA. Matthews, however, failed to make any attempt to do so.
 {¶ 4} Matthews was subsequently charged with two counts of trafficking in marijuana in violation of R.C. 2925.03, felonies of the fifth degree. On June 12, 2002, Matthews pleaded guilty to Count Two, Trafficking in Marijuana in the amount of 25.39 grams. Count One was nolled. The trial court scheduled a sentencing hearing for August 15, 2002, in order for the probation department to conduct a pre-sentence investigation and prepare a report. Matthews was released on bond. On June 14, 2002, the trial court revoked bond because Matthews tested positive for cocaine during the probation department's pre-sentence investigation.
 {¶ 5} After conducting the sentencing hearing, the trial court found Matthews to be amenable to a community control sanction. Thus, the trial court sentenced Matthews to 90 days in jail, with credit for time served, and three years of community control on August 28, 2002. Matthews was ordered to enter and successfully complete the Lake County Jail Treatment Program. As part of his community control, Matthews was ordered to attend two to four Alcoholics Anonymous/Narcotics Anonymous meetings per week, "have no involvement with drugs or alcohol and * * * submit to periodic screens as directed by the [probation department]."
 {¶ 6} On October 21, 2002, and November 18, 2002, Matthews tested positive for cocaine. As a result, the prosecutor moved to terminate Matthews' community control sanctions on November 27, 2002. On December 2, 2002, Matthews pleaded guilty to violating his community control sanctions. On December 30, 2002, the trial court sentenced Matthews to the two days he served in jail and ordered Matthews to successfully complete N.E.O.C.A.P., a drug treatment program.
 {¶ 7} Three days later, while waiting for an opening in the drug treatment program, Matthews again tested positive for cocaine, as well as marijuana. As a result, the prosecutor again moved to revoke Matthews' community control sanctions on January 7, 2003. The trial court conducted a hearing on the matter on January 30, 2003. The trial court terminated Matthews' community control sanctions and sentenced him to 12 months in prison, with credit for time served. Matthews moved for a stay of his sentence both in the trial court and in this court. His motions were denied.
 {¶ 8} Matthews timely appealed the trial court's imposition of sentence and raises the following assignment of error:
 {¶ 9} "The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment by making findings under the applicable sentencing statutes that were not supported by the record."[1]
 {¶ 10} During the pendency of this appeal, Matthews served his prison term and has since been released. Matthews is not subject to post-release control.
 {¶ 11} Matthews' assignment of error challenges the imposition of the sentence imposed, rather than the conviction and/or plea itself. Thus, since Matthews has already served his sentence, his assignment of error is rendered moot. See State v.Blivins (Sept. 30, 1999), 11th Dist. No. 98-L-189, 1999 Ohio App. LEXIS 4647, at *7, State v. Smith, 11th Dist. No. 2000-L-195, 2002-Ohio-1330, 2002 Ohio App. LEXIS 1341, at *3;State v. Beamon (Dec. 14, 2001), 11th Dist. No. 2000-L-160, 2001-Ohio-8712, 2001 Ohio App. LEXIS 5655, at *4 (citation omitted).
 {¶ 12} Even if Matthews' appeal was not moot, his sole assignment of error has no merit. In his sole assignment of error, Matthews argues that the trial court's finding that there had been a massive failure of rehabilitation was not supported by the record. Matthews claimed that, since the positive drug test that led to the revocation of community control sanctions occurred prior to his entering the drug treatment center, he never had the opportunity to address his drug problem.
 {¶ 13} Pursuant to R.C. 2953.08, this court reviews a felony sentence de novo. State v. Gibson, 11th Dist. No. 2002-T-0055, 2003-Ohio-5695, at ¶ 68. In doing so, we conduct a meaningful review of the imposition of sentence. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 10. "`Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id., citing R.C. 2953.08.
 {¶ 14} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
 {¶ 15} A court that imposes sentence on an offender for a felony must consider the factors that would indicate the offense is "more serious than conduct normally constituting the offense," the factors that would indicate the offense is "less serious than conduct normally constituting the offense," and factors that would indicate the offender's likelihood of recidivism. See R.C.2929.12. Although the trial court is required "to consider the seriousness and recidivism factors," State v. Boczek, 11tth Dist. No. 2001-L-193, 2002-Ohio-6924, at ¶ 12, the court does not need to "make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302.
 {¶ 16} At the sentencing hearing, the trial court specifically stated that it considered the requisite principles and purposes of sentencing. The trial court also discussed the long history of the case, the repeated failure on the part of Matthews to respond to the community control sanctions, Matthews' likelihood of re-offending based on his failures in this case, and Matthews' failure of rehabilitation.[2] This clearly evinces the trial court's proper consideration of the seriousness and recidivism factors. Thus, we clearly and convincingly find that the record does support the sentence and that the sentence is not contrary to law.
 {¶ 17} For the foregoing reasons, we hold that Matthews' sole assignment of error is meritless and that his appeal is moot. The decision of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
O'Neill and Rice, JJ., concur.
[1] Matthews withdrew his second assignment of error at oral arguments. Matthews' second assignment of error stated, "The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment on all charges."
[2] Matthews' claim that, since his last positive drug test occurred prior to entering the court mandated drug treatment program, there was no "massive failure of rehabilitation" is wholly without merit. As the trial court discussed, the record reveals that Matthews received drug treatment while initially incarcerated and that he tested positive for drugs twice soon after being released from jail. The record further indicates that, as a result of these positive tests, Matthews pleaded guilty to violating his community control sanctions. However, instead of revoking his community control sanctions and imposing a prison term, the trial court ordered Matthews to complete another drug treatment program. Rather than embrace the trial court's helpful attempts, just three days later Matthews once again tested positive for drugs. We find that these facts support the trial court's conclusion that there was a massive failure of rehabilitation. Moreover, beyond this failure of drug rehabilitation, this history also evinces a failure of criminal rehabilitation. Thus, although the trial court was not required to make such a finding in order to impose sentence, based upon this history, we agree that there was a "massive failure of rehabilitation."