OPINION
{¶ 1} Appellant, William R. Spicuzza, appeals from the April 21, 2005 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for attempted rape and sexual battery, as well as labeled a sexual predator.
 {¶ 2} The instant matter arose due to three incidents of sexual conduct between appellant and his fourteen-year-old stepdaughter ("the victim"), which occurred during the month of February 2004. The victim's mother was present for two of the three incidents, and not only consented, but took part in the sexual conduct.
 {¶ 3} On January 20, 2005, appellee, the state of Ohio, charged appellant by way of information with two counts: count one, attempted rape, in violation of R.C. 2923.02 and2907.02(A)(2), a felony of the second degree; and count two, sexual battery, in violation of R.C 2907.03(A)(5), a felony of the third degree.
 {¶ 4} Appellant entered a written plea of guilty to the charges on February 8, 2005. On the same day, the trial court accepted appellant's guilty plea.
 {¶ 5} On April 13, 2005, the trial court held a sexual predator hearing pursuant to R.C. 2950.09 and a sentencing hearing pursuant to R.C. 2929.19. In an April 21, 2005 judgment entry, the trial court found appellant to be a sexual predator, and sentenced him to serve a prison term of seven years on count one, and four years on count two. The trial court ordered the sentences to be served concurrently to one another. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 6} "[1.] The trial court erred in sentencing [appellant] to seven years in prison when it sentenced him contrary to R.C.2929.12 based upon findings not supported by the record.
 {¶ 7} "[2.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison sentence based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury.
 {¶ 8} "[3.] The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence."
 {¶ 9} Two of appellant's assignments challenge the sentence he received. As an initial matter, we note that an appellate court reviews a sentence pursuant to R.C. 2953.08(G), which provides in part:
 {¶ 10} "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * *:
 {¶ 11} "* * *
 {¶ 12} "(b) That the sentence is otherwise contrary to law."[1]
 {¶ 13} In his first assignment, appellant argues that the trial court did not properly weigh any significant mitigating factors under R.C. 2929.12, nor did it base its decision on the evidence presented. Specifically, appellant maintains that the trial court failed to consider a R.C. 2929.12(C) factor; i.e., that appellant never intended to harm his stepdaughter. Further, appellant argues that under R.C. 2929.12(D) and 2929.12(E), the recidivism factors, the trial court failed to consider appellant's sincere remorse.
 {¶ 14} In Foster, at ¶ 37, the Supreme Court of Ohio stated:
 {¶ 15} "* * * R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." (Footnote omitted.) The Supreme Court made it clear, however, that "there is no mandate for judicial factfinding in the general guidance statutes[,]" and as such, do not violate Blakely. Id at ¶ 42. "The court is merely to `consider' the statutory factors." Id.
 {¶ 16} This court has held that, "`although the trial court is required "to consider the seriousness and recidivism factors," the court does not need to "make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."'" State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 16, quoting State v.Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849, at ¶ 15.
 {¶ 17} At the sentencing hearing in the case sub judice, the trial court explicitly stated that it considered the relevant factors under R.C. 2929.12. Further, not only did the trial court properly weigh the relevant factors, it went into extensive detail in discussing each of them. As we stated in Blake, there is no requirement that the trial court make specific findings on the record to evince the requisite consideration of all applicable factors. Therefore, we conclude that the trial court adequately complied with the requirements of R.C. 2929.12. Appellant's first assignment of error is without merit.
 {¶ 18} In his second assignment of error, appellant argues that the trial court erred when it sentenced appellant to a more than the minimum sentence pursuant to R.C. 2929.14(B), since the sentence was based upon factors not admitted by him or found by a jury.
 {¶ 19} In sentencing appellant to a more than the minimum sentence, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignment of error has merit.
 {¶ 20} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in Foster, supra. In Foster, the Supreme Court held that R.C. 2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant toApprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 21} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B). After severance, judicial factfinding is not required before imposing a sentence that is more than the minimum.Foster at paragraph two of the syllabus.
 {¶ 22} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 23} Accordingly, appellant's second assignment of error has merit.
 {¶ 24} In his third assignment, appellant argues that the evidence presented did not prove, by clear and convincing evidence, that he was a sexual predator; specifically that he was likely to commit a sexually-oriented offense in the future.
 {¶ 25} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 26} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to R.C. 2950.09(B)(3). State v. Cook
(1998), 83 Ohio St.3d 404, 424.[2] The statutory criteria are intended to aid the trial court, which must determine by clear and convincing evidence, whether an offender is likely to commit one or more sexually oriented offenses in the future. Id. Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the level of evidence beyond a reasonable doubt. Cross v. Ledford (1954),161 Ohio St. 469, 477. Thus, "* * * a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 27} In State v. Anthony, 11th Dist. No. 2004-L-104,2005-Ohio-5610, at ¶ 12, we stated:
 {¶ 28} "[t]he Supreme Court of Ohio has indicated that appellate courts use a manifest weight standard to review a trial court's finding that an offender is a sexual predator. * * * Thus, if the trial court's finding that an offender is a sexual predator is supported by the weight of the evidence, then the court must also have had sufficient evidence before it to satisfy the requisite clear and convincing degree of proof. Therefore, when reviewing questions of weight, an appellate court must determine whether the state appropriately carried its burden of persuasion by engaging in a limited weighing of the evidence. * * *" (Citations omitted.)
 {¶ 29} In the instant matter, because appellant pleaded guilty to sexually oriented offenses, the first prong of R.C.2950.01(E)(1) has been met.[3] Therefore, this court must determine the second prong of R.C. 2950.01(E)(1), namely, whether appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 30} The trial court relied upon numerous factors under R.C. 2950.09(B)(3) in supporting its finding that appellant is a sexual predator and stated the following in its April 21, 2005 judgment entry:
 {¶ 31} "In determining that [appellant] is a [s]exual [p]redator within the meaning of R.C. 2950.01 and R.C. 2950.09, the [c]ourt finds the following factors as set forth in R.C.2950.09:
 {¶ 32} "a.) [Appellant] was thirty-seven (37) years of age at the time of the offense;
 {¶ 33} "b.) [Appellant] does not have a prior criminal record;
 {¶ 34} "c.) The victim of the sexually oriented offense for which sentence was imposed was fourteen (14) years of age at the time of the crime;
 {¶ 35} "d.) The sexually oriented offense for which the sentence was imposed involved only one (1) victim;
 {¶ 36} "e.) There is no evidence that [appellant] used drugs or alcohol to impair the victim or to prevent the victim from resisting;
 {¶ 37} "f.) There is no evidence that [appellant] has completed any sentence imposed for a prior offense and [appellant] has never been ordered by a court of law to attend counseling in available programs for sexual offenders;
 {¶ 38} "g.) [Appellant] does have a mental illness or mental disability, to wit, Attention Deficit Disorder (ADD);
 {¶ 39} "h.) There is evidence the [appellant's] sexual actions were part of a demonstrated pattern of abuse in that the acts occurred on several separate dates, occurred in a family setting, the acts occurred with the biological mother and [appellant] and created the impression to the child/victim that the sexual conduct was okay;
 {¶ 40} "i.) There is evidence [that] the nature of [appellant's] actions during the commission of the sexually oriented offense displayed cruelty or threats of cruelty in that [appellant] used actual force to complete act of fellatio; relationship between victim and [appellant] was stepdaughter and stepparent; evidence of psychological force;
 {¶ 41} "j.) Additional behavioral characteristics that contributed to [appellant's] conduct include the following:
 {¶ 42} "(1) [Appellant] felt he did nothing wrong and his conduct was acceptable;
 {¶ 43} "(2) [Appellant] felt he was responsible for the sexual education of the victim and engaged in sexual conduct to demonstrate;
 {¶ 44} "(3) [Appellant] showed the victim pornographic movies;
 {¶ 45} "(4) [Appellant] had the victim view sexual act between mother and stepfather — under guise of sex education;
 {¶ 46} "* * * Court finds this increases risk to reoffend based on fact that [appellant] does not acknowledge wrongfulness of conduct;
 {¶ 47} "(5) [Appellant] has preoccupation with sex per submitted psychological reports;
 {¶ 48} "* * * Court finds this increases risk to reoffend;
 {¶ 49} "(6) [Appellant] took advantage of [a] fourteen (14) year old — mentally low functioning victim;
 {¶ 50} "(7) Per Dr. Rindsberg's report, moderate risk to reoffend."
 {¶ 51} Appellant argues that the trial court "clearly lost its way" and created a "manifest miscarriage of justice" when it found him to be a sexual predator. He argues that the following factors demonstrate a lower risk of recidivism: (1) he is a first time offender, at age thirty-seven; (2) he is not a pedophile; (3) he did not use drugs or alcohol to impair the victim; and (4) he was found to be low functioning and possessed no psychopathic or antisocial disorder.
 {¶ 52} Appellant is correct that these factors indicate that he is less likely to reoffend. However, "[a] trial court may find an offender to be a sexual predator `even if only one or twostatutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'" State v. Randall (2001), 141 Ohio App.3d 160, 166.
 {¶ 53} Appellant further argues that the expert who evaluated him found that he posed a low chance of reoffending according to the actuarial tests given, with an overall low to moderate risk to reoffend.
 {¶ 54} In appellant's sexual offender risk assessment, Dr. Rindsberg reported that on the Static 99, an actuarial risk assessment tool, appellant scored a zero, which indicated that he is at a low risk to reoffend. Dr. Rindsberg also reported that on the Sexual Violence Risk assessment test, that appellant was found to have a low risk of sexual violence in the future. However, Dr. Rindsberg opined that there were aggravating factors that would not have been noted on the risk assessment actuarial tests: (1) the fact that appellant and his wife (the victim's mother) had a tacit understanding that the behavior was not wrong or unacceptable; (2) the idea that appellant's wife was present for the offenses, and did not say anything; and (3) the fact that the victim was low functioning and that she may have been taken advantage of because of it. Despite these aggravating factors, Dr. Rindsberg recommended that appellant be labeled a sexually oriented offender, and not a sexual predator.[4]
 {¶ 55} In State v. Schaub, 11th Dist. No. 2003-L-091,2005-Ohio-703, at ¶ 35, we stated:
 {¶ 56} "[a]lthough the psychological evaluation failed to expressly recommend that appellant be classified a sexual predator and determined him to be a moderate clinical risk to reoffend, while the actuarial risk was medium-low, this alone does not establish that the court's adjudication was against the manifest weight of the evidence. It is within the discretion of the trial court to assess the significance of the psychological evaluation's findings, including its weight and credibility, and then consider the totality of the circumstances presented in the case."
 {¶ 57} Thus, it is clear from the record that the trial court balanced the factors presented and determined that there was clear and convincing evidence that appellant is likely to reoffend. The trial court considered the young age of the victim; evidence that showed a demonstrated pattern of sexual abuse; evidence that physical force was used to complete an act of fellatio; and psychological force due to the relationship of appellant being the victim's stepfather.[5] Additionally, the trial court considered other behavioral characteristics, such as the fact that appellant did not realize his conduct was wrong; he believed that he was sexually educating his stepdaughter; he showed his fourteen-year-old stepdaughter pornographic movies; he allowed his stepdaughter to watch him and her mother engage in sexual acts; and that appellant has a preoccupation with sex according to the psychological reports.
 {¶ 58} As such, we conclude that based on the foregoing factors and the totality of the relevant circumstances, the trial court properly classified appellant as a sexual predator. As such, appellant's third assignment of error is without merit.
 {¶ 59} Accordingly, appellant's first and third assignments of error are not well-taken. Appellant's second assignment of error is sustained. The judgment of the Lake County Court of Common Pleas is affirmed in part, with respect to its sexual predator determination and its application of the R.C. 2929.12
factors. However, pursuant to Foster, the sentence imposed by the Lake County Court of Common Pleas is vacated. Therefore, we reverse the sentence and remand for resentencing for further proceedings consistent with this opinion.
Rice, J., O'Toole, J. concur.
[1] Besides a limited remand under R.C. 2953.08(G)(1), when a trial court overrides the presumption for prison for a first or second degree felony, the portion of the statute quoted here is what remains of R.C. 2953.08 after State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856. "[P]re-Foster, R.C. 2953.08(G)(1) provided an opportunity for remand to the trial court if required [judicial] findings were missing." State v. Mathis, ___ Ohio St.3d ___, 2006-Ohio-855, at ¶ 34. However, "judicial factfinding is no longer required * * *, [thus] there is no longer any reason to apply (G)(1) to upward departures." Mathis at ¶ 35. We also note that (G)(2)(a), which gave appellate courts authority to increase, reduce, modify, or vacate a sentence if the record did not support the trial court's findings, no longer serves any purpose to appellate courts, since judicial factfinding has been excised by Foster.
[2] In Cook, it states that the factors are in R.C.2950.09(B)(2). However, they are actually in R.C. 2950.09(B)(3).
[3] Under R.C. 2950.01(D)(1)(a), a "`[s]exually oriented offense' means * * * a violation of section 2907.02, [and] 2907.03 * * *."
[4] We note that the trial court was not correct when it found that Dr. Rindsberg's report indicated that appellant was at a "moderate risk to reoffend." Dr. Rindsberg reported that, according to the actuarial tests, appellant was at a low risk to reoffend. However, Dr. Rindsberg did indicate that there were aggravating factors that would increase his likeliness to reoffend. Thus, although the trial court did not properly state Dr. Rindsberg's findings, we conclude that it was not prejudicial error due to the aggravating factors that increased the likeliness that appellant would reoffend.
[5] According to the official police version of the offenses, as well as the psychological report, there is conflicting evidence as to whether appellant physically forced the victim to perform oral sex on him. Regardless, we conclude that it was psychological force due to appellant being the victim's stepfather.