OPINION
{¶ 1} The instant appeal emanates from the April 28, 2005 judgment entry of the Ashtabula County Court of Common Pleas in which appellant, Julio Cesar Ramirez Rodriguez, was sentenced for robbery.
 {¶ 2} On February 20, 2004, appellant was indicted by the Ashtabula County Grand Jury on four counts: count one, aggravated robbery, a felony of the first degree, in violation of R.C.2911.11; count two, possession of heroin, a felony of the fourth degree, in violation of R.C. 2925.11; count three, trafficking in heroin, a felony of the fourth degree, in violation of R.C.2925.03; and count four, illegal conveyance of weapons or prohibited items onto the grounds of a detention facility or institution, a felony of the third degree, in violation of R.C.2921.36.[1] Appellant pleaded not guilty at his arraignment on February 27, 2004.
 {¶ 3} On April 29, 2004, appellant withdrew his former not guilty plea, entered a plea of not guilty by reason of insanity, and requested a competency evaluation pursuant to R.C. 2945.371. On May 3, 2004, the trial court granted appellant's request for an evaluation and appointed the Forensic Psychiatric Center of Northeast Ohio, Inc. to examine appellant. Pursuant to its September 7, 2004 judgment entry, the trial court found appellant competent to stand trial.
 {¶ 4} Appellant filed a motion to suppress on September 27, 2004.[2] On December 13, 2004, appellee, the state of Ohio, filed a memorandum in opposition to appellant's motion to suppress. A suppression hearing was scheduled to occur on January 13, 2005. However, appellant failed to appear and the hearing did not take place. The trial court issued a capias for the arrest of appellant.
 {¶ 5} Appellant appeared in court on January 28, 2005. Pursuant to a negotiated plea, he withdrew his former not guilty by reason of insanity plea, and entered oral and written pleas of guilty to robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(1), a lesser included offense as charged under count one of the indictment. The remaining counts were dismissed based on the negotiated plea terms.
 {¶ 6} In its April 28, 2005 judgment entry, the trial court sentenced appellant to serve a term of four years in prison; subjected him to post-release control; and ordered him to pay costs and restitution. It is from that judgment that appellant filed a timely notice of appeal and raises the following assignment of error:
 {¶ 7} "The trial court abused its discretion and denied [appellant] due process of law by failing to properly consider and interpret the statutory sentencing factors contained in the sentencing guidelines of R.C. 2929.12 at [appellant's] sentencing hearing."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court erred by failing to properly consider and interpret the R.C. 2929.12 sentencing factors at the sentencing hearing. He stresses that the trial court's consideration of the economic harm suffered by the store owners constituted an impermissible determination because it is not authorized by R.C.2929.12(B); the trial court's findings with regard to the less serious factors of R.C. 2929.12(C) were insufficient because the trial court negated the only mitigating factor it discussed, i.e., lack of physical harm, by immediately discussing the psychological harm he inflicted on the store clerk; the trial court failed to consider his voluntary intoxication as mitigating; and the trial court misinterpreted R.C. 2929.12(D)(4) as well as did not give appellant the benefit of the factor discussed under R.C. 2929.12(E)(1).
 {¶ 9} This court in State v. Spicuzza, 11th Dist. No. 2005-L-078, 2006-Ohio-2379, at ¶ 9-12, recently stated:
 {¶ 10} "* * * [a]n appellate court reviews a sentence pursuant to R.C. 2953.08(G), which provides in part:
 {¶ 11} "`(t)he appellate court may increase, reduce, or otherwise modify a sentence that is appealed (* * *) or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds (* * *):'
 {¶ 12} "(* * *)
 {¶ 13} "`(b) That the sentence is otherwise contrary to law.' n1"
 {¶ 14} In Spicuzza, we elaborated in fn. 1, that: "[b]esides a limited remand under R.C. 2953.08(G)(1), when a trial court overrides the presumption for prison for a first or second degree felony, the portion of the statute quoted here is what remains of R.C. 2953.08 after State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856 * * *. `(P)re-Foster, R.C. 2953.08(G)(1) provided an opportunity for remand to the trial court if required (judicial) findings were missing.' State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 34 * * *. However, `judicial factfinding is no longer required (* * *), (thus) there is no longer any reason to apply (G)(1) to upward departures.' Mathis
at ¶ 35. We also note that (G)(2)(a), which gave appellate courts authority to increase, reduce, modify, or vacate a sentence if the record did not support the trial court's findings, no longer serves any purpose to appellate courts, since judicial factfinding has been excised by Foster." (Parallel citations omitted.)
 {¶ 15} In Spicuzza at ¶ 14-15, we indicated that the Supreme Court of Ohio in Foster, at ¶ 37, stated:
 {¶ 16} "`(* * *) R.C. 2929.12, grants the sentencing judge discretion "to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other "relevant" factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider.' (Footnote omitted.) The Supreme Court made it clear, however, that `there is no mandate for judicial factfinding in the general guidance statutes(,)' and as such, do not violate Blakely. Id at ¶ 42. `The court is merely to "consider" the statutory factors.' Id."
 {¶ 17} We additionally stated in Spicuzza at ¶ 16:
 {¶ 18} "[t]his court has held that, `"although the trial court is required `to consider the seriousness and recidivism factors,' the court does not need to `make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.'"' State v.Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 16, quoting State v. Matthews, 11th Dist. No. 2003-L-043,2004-Ohio-1849, at ¶ 15."
 {¶ 19} R.C. 2929.12, which serves as a "general judicial guide for every sentencing[,]" remains valid after Foster.Foster, supra, at ¶ 36. Although there is no mandate for judicial factfinding in the general guidance statutes, there is no violation if the trial court makes findings with respect to R.C. 2929.12. State v. Mosier, 11th Dist. No. 2005-P-0100,2006-Ohio-4187, at ¶ 11.
 {¶ 20} In the case at bar, the trial court's April 28, 2005 judgment entry of sentence affirmatively states that the trial court considered the seriousness and recidivism factors of R.C.2929.12. Specifically, the trial court indicated that it "considered the record, oral statements, any victim impact statement and Pre-sentence Investigation Report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12."
 {¶ 21} In addition, the trial court stated at the sentencing hearing:
 {¶ 22} "I don't believe the facts of this case are in any great dispute. [Appellant], I believe, on February 12th, 2004, entered the JJ Grocery Store in Geneva, Ohio. Apparently he was armed with some sort of a firearm, or at least what appeared to be a firearm. I believe he showed it to the clerk, who was working alone at the time. This was about 6:40 in the evening. Now, as [appellee] indicated, [appellant] was apprehended a couple of hours after the robbery. He — after he was arrested he told the police where they could find the weapon that he had used. The police recovered a black powder line handgun. It was [a] .177 caliber CO2 pistol. * * * The real hardship in this case is the psychological fear that [appellant] inflicted on both the clerk * * * and on the owners of the store, who were not present but own this establishment. [Appellant] was either high on drugs at the time or desperate for drugs and, you know, probably somewhat irrational at the time. However, the Court does find that there was no physical injury inflicted on the clerk. * * * The Court's looked at [appellant's] prior criminal history. And I believe I counted eight prior convictions here for Passing Bad Checks. * * * And the instant action is a felony of the second degree; it's a very serious felony offense. Court's reviewed the sentencing criteria set forth in the statute. Under the recidivism factors, the Court finds that he's got the prior criminal history that I just alluded to * * *. Court finds [appellant] has not responded favorably in the past to any sanctions imposed by the criminal courts. He's admitted to a pattern of heroin use. * * * Under the recidivism unlikely factors, the Court finds — that [appellant] has shown some remorse. However, the recidivism likely factors heavily outweigh the unlikely factors. Court has also considered the seriousness factors. Court finds that the clerk * * * has suffered serious psychological injury. And the owners of JJ Grocery have suffered serious economic harm — since this robbery occurred during the wintertime, which is normally their slow month. The Court's considered the less serious factors. The Court finds there wasn't any physical harm inflicted but — but by threatening another with an apparent firearm — you're certainly causing intentional psychiatric injury. Court finds that the serious factors heavily outweigh the less serious factors. * * * The Court finds [appellant] does have a serious heroin addiction. Apparently, I think he sought treatment once * * * but didn't follow through on that treatment. * * * Now, there's been an argument made here for seven-year imprisonment. That's almost the maximum penalty. And the Court is not going to impose the maximum penalty — because [appellant] really doesn't have a past history of violent criminal activity. * * *." Thus, at that time, the trial court sentenced appellant to four years.
 {¶ 23} Appellant's argument here ignores the "catch all" provision of R.C. 2929.12(A) which provides that a trial court is not limited to considering only the factors set forth in divisions (B) through (E), but "may consider any other factors that are relevant to achieving those purposes and principles of sentencing." Also, divisions (B) through (E) permit a trial court to consider "any other relevant factors" regarding seriousness or recidivism. R.C. 2929.12(B), (C), (D), and (E).
 {¶ 24} The trial court's compliance with R.C. 2929.12 is clearly evidenced by its sentencing entry and the sentencing transcript. In its judgment entry of sentence, the trial court explicitly stated that it considered the relevant factors under R.C. 2929.12. In addition, at the sentencing hearing, the trial court indicated that it reviewed the sentencing criteria set forth in R.C. 2929.12, and it discussed the seriousness and recidivism factors. As we stated in Blake, supra, there is no requirement that the trial court make specific findings on the record to evince the requisite consideration of all applicable factors. Thus, we conclude that the trial court adequately complied with the requirements of R.C. 2929.12.
 {¶ 25} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.
[1] On February 12, 2004, appellant, a heroin addict, robbed JJ Grocery Store in Geneva, Ohio. He ultimately confessed to the crime and told police where he hid the gun that he showed the store clerk during the robbery.
[2] In his motion, appellant moved the trial court to suppress any and all statements made as well as any in-court identification of him. He asserted that the warnings given to him did not comply with the requirements of Miranda. Also, appellant argued that the identification procedures were tainted.