OPINION
{¶ 1} Appellant, David Coulter, appeals from the April 11, 2007 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced for rape and sexual battery.
 {¶ 2} On December 28, 2006, appellant was indicted by the Portage County Grand Jury on two counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(2); two counts of sexual battery, felonies of the third degree, in violation of *Page 2 
R.C. 2907.03(A)(5); two counts of gross sexual imposition, felonies of the fourth degree, in violation of R.C. 2907.05(A)(1); and two counts of attempted sexual battery, felonies of the fourth degree, in violation of R.C. 2923.02.[1] Appellant pleaded not guilty at his arraignment on December 29, 2006.
 {¶ 3} On March 5, 2007, appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to one count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2), and one count of sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(5). The trial court accepted appellant's guilty plea, entered a nolle prosequi on the remaining counts in the indictment, and referred the matter to the Adult Probation Department for a presentence investigation report.
 {¶ 4} A joint sexual predator and sentencing hearing was held on April 2, 2007. The trial court designated appellant a sexually oriented offender.
 {¶ 5} Pursuant to its April 11, 2007 judgment entry, the trial court sentenced appellant to ten years in prison for the rape charge, and five years for the sexual battery count, to be served concurrently. The trial court notified appellant that after release from prison, he may be supervised under post release control. Also, appellant received credit for one hundred and one days for time already served. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 6} "[1.] The trial court erred when it imposed the maximum sentence on [appellant], a first time offender, without considering [R.C] 2929.11 and 2929.12. *Page 3 
 {¶ 7} "[2.] The trial court erred by sentencing [appellant] to the maximum sentence violating his right to due process[.]
 {¶ 8} "[3.] The trial court erred because the sentence imposed on [appellant] is unconstitutional as derived from a violation of the separation of powers."
 {¶ 9} In his first assignment of error, appellant argues that the trial court abused its discretion by imposing the maximum sentence without considering R.C. 2929.11 and 2929.12.
 {¶ 10} Imposition of more-than-minimum, maximum, or consecutive sentences is reviewed for abuse of discretion. Cf. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v. Ferranto
(1925), 112 Ohio St. 667, 676-678. See, also, State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 54-56; accord, State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 46-49.
 {¶ 11} With regard to R.C. 2929.11 and R.C. 2929.12, this court noted the following in Elswick, supra, at ¶ 53:
 {¶ 12} "R.C. 2929.11 and R.C. 2929.12, two key statutory provisions of Ohio's sentencing scheme, survive after Foster. Even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, R.C. 2929.11 and R.C. 2929.12 must still be considered when sentencing offenders. * * *."
 {¶ 13} R.C. 2929.11 provides in part: *Page 4 
 {¶ 14} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 15} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 16} We indicated the following in State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 41-47:
 {¶ 17} "This court stated in State v. Adams, 11th Dist. No. 2003-L-110, 2005-Ohio-1107, at ¶ 57: "`although "a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences," a court is not required "to make specific findings on the record" in this regard. State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10. The trial court possesses "broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines." State v. Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8.' *Page 5 
 {¶ 18} "In State v. Spicuzza, 11th Dist. No. 2005-L-078,2006-Ohio-2379, at ¶ 14-15, this court indicated that the Supreme Court of Ohio in Foster, supra, at ¶ 37, stated the following with respect to R.C. 2929.12:
 {¶ 19} "`"(* * *) R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C.2929.12. These statutory sections provide a nonexclusive list for the court to consider." (Footnote omitted.) The Supreme Court made it clear, however, that "there is no mandate for judicial factfinding in the general guidance statutes(,)" and as such, do not violateBlakely. Id at ¶ 42. `"The court is merely to `consider' the statutory factors." Id.'
 {¶ 20} "We additionally stated in Spicuzza at ¶ 16:
 {¶ 21} "`[t]his court has held that, "`although the trial court is required "to consider the seriousness and recidivism factors," the court does not need to "make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."`" State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 16, quoting State v. Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849, at ¶ 15.'
 {¶ 22} "R.C. 2929.12, which serves as a `general judicial guide for every sentencing[,]' remains valid after Foster. Foster, supra, at ¶ 36. Although there is no mandate for judicial factfinding in the general guidance statutes, there is no violation if *Page 6 
the trial court makes findings with respect to R.C. 2929.12. State v.Mosier, 11th Dist. No. 2005-P-0100, 2006-Ohio-4187, at ¶ 11."
 {¶ 23} In the case at bar, the trial court sentenced appellant pursuant to Foster. Thus, the trial court was not required to make any findings regarding sentencing appellant to the maximum sentence. However, the trial court was required to and did consider R.C. 2929.11
and R.C. 2929.12.
 {¶ 24} The trial court stated the following at the sentencing hearing:
 {¶ 25} "The Court, upon considering the sentencing statute, the probation report, the statement of Counsel, statement of the victims and the statement of [appellant], finds that community based sanctions are not appropriate."
 {¶ 26} Again, there is no mandate for judicial factfinding in the general guidance statutes. Rather, the court is merely to "consider" the statutory factors, which it did in the present case, before imposing sentence on appellant.
 {¶ 27} Appellant's first assignment of error is without merit.
 {¶ 28} In his second assignment of error, appellant contends that the trial court erred by sentencing him to the maximum sentence, violating his right to due process.
 {¶ 29} In his third assignment of error, appellant alleges that the trial court erred because the sentence imposed on him is unconstitutional as derived from a violation of the separation of powers.
 {¶ 30} We note that the identical issues contained in appellant's second and third assignments of error have been addressed by this court in Elswick, supra.[2] *Page 7 
 {¶ 31} Thus, based on our decision in Elswick, appellant's second and third assignments of error are without merit.
 {¶ 32} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] The foregoing charges stem from appellant's actions with his teenage daughter.
[2] In Elswick, the appeal dealt with more than the minimum sentences. However, the same analysis applies to maximum and consecutive sentences.