OPINION
{¶ 1} Appellant, Jason M. Plaisted, appeals from the June 7, 2007 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for theft and breaking and entering.
 {¶ 2} On January 11, 2007, appellant was indicted by the Lake County Grand Jury on eleven counts: one count of theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1), with a specification that the value of the property was $5,000 or *Page 2 
more but less than $100,000; one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1), with a specification that the value of the property was $500 or more but less than $5,000; three counts of breaking and entering, felonies of the fifth degree, in violation of R.C. 2911.13(B); three counts of vandalism, felonies of the fifth degree, in violation of R.C. 2909.05(B)(1)(b), with a specification that the value of the property or the amount of physical harm was less than $5,000; two counts of vandalism, felonies of the fifth degree, in violation of R.C. 2909.05(B)(1)(a); and one count of petty theft, a misdemeanor of the first degree, in violation of R.C.2913.02(A)(1).[1] On March 20, 2007, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On April 20, 2007, appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to one count of theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1), with a specification that the value of the property was $5,000 or more but less than $100,000; one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1), with a specification that the value of the property was $500 or more but less than $5,000; and one count of breaking and entering, a felony of the fifth degree, in violation of R.C. 2911.13(B). On May 2, 2007, the trial court accepted appellant's guilty plea, referred the matter to the Lake County Adult Probation Department for a presentence investigation and report, and deferred sentencing. *Page 3 
 {¶ 4} Pursuant to its June 7, 2007 judgment entry, the trial court sentenced appellant to twelve months in prison for the first count of theft; nine months for the second count of theft; and nine months for breaking and entering, to be served consecutively for a total of thirty months. Appellant was also ordered to pay restitution in the amount of $21,600. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 5} "The trial court erred by sentencing [appellant] to more-than-the-minimum term of imprisonment."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred by imposing a more than the minimum sentence.
 {¶ 7} Imposition of more-than-minimum, maximum, or consecutive sentences is reviewed for abuse of discretion. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v. Ferranto
(1925), 112 Ohio St. 667, 676-678. See, also, State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 54-56; accord, State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 46-49.
 {¶ 8} With regard to R.C. 2929.11 and R.C. 2929.12, this court noted the following in Elswick, supra, at ¶ 53:
 {¶ 9} "R.C. 2929.11 and R.C. 2929.12, two key statutory provisions of Ohio's sentencing scheme, survive after Foster. Even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, *Page 4 
consecutive, or more than the minimum sentences on the record, R.C.2929.11 and R.C. 2929.12 must still be considered when sentencing offenders. * * *."
 {¶ 10} We indicated the following in State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 43-47:
 {¶ 11} "In State v. Spicuzza, 11th Dist. No. 2005-L-078,2006-Ohio-2379, at ¶ 14-15, this court indicated that the Supreme Court of Ohio in Foster, supra, at ¶ 37, stated the following with respect to R.C. 2929.12:
 {¶ 12} "`"(* * *) R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C.2929.12. These statutory sections provide a nonexclusive list for the court to consider." (Footnote omitted.) The Supreme Court made it clear, however, that "there is no mandate for judicial factfinding in the general guidance statutes(,)" and as such, do not violateBlakely. Id. at ¶ 42. "`"The court is merely to `consider' the statutory factors." Id.'
 {¶ 13} "We additionally stated in Spicuzza at ¶ 16:
 {¶ 14} "`[t]his court has held that, "`although the trial court is required "to consider the seriousness and recidivism factors," the court does not need to "make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."'" State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 16, quoting State v. Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849, at ¶ 15.' *Page 5 
 {¶ 15} "R.C. 2929.12, which serves as a `general judicial guide for every sentencing[,]' remains valid after Foster. Foster, supra, at ¶ 36. Although there is no mandate for judicial factfinding in the general guidance statutes, there is no violation if the trial court makes findings with respect to R.C. 2929.12. State v. Mosier, 11th Dist. No. 2005-P-0100, 2006-Ohio-4187, at ¶ 11."
 {¶ 16} In the case at bar, the trial court sentenced appellant pursuant to Foster. Thus, the trial court was not required to make any findings regarding sentencing appellant to the more than the minimum sentence. However, the trial court was required to and did consider R.C.2929.11 and R.C. 2929.12. At the sentencing hearing, the trial court indicated that it considered all of the information in light of the purposes and principles of felony sentencing set forth in R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court made a similar pronouncement in its June 7, 2007 judgment entry.
 {¶ 17} However, appellant contends that the trial court did not consider the R.C. 2929.12(E) factors which indicate that he is not likely to commit future crimes. Specifically, appellant alleges that he was never adjudicated a delinquent child; that he has openly admitted his dependence problem and has expressed a desire for treatment; and that he showed genuine remorse.
 {¶ 18} R.C. 2929.12 provides:
 {¶ 19} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes: *Page 6 
 {¶ 20} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 21} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 22} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 23} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 24} "(5) The offender shows genuine remorse for the offense."
 {¶ 25} First, with respect to R.C. 2929.12(E)(1), the trial court engaged in a detailed discussion of appellant's criminal history as set forth in the presentence report. Appellant's lack of a juvenile record was self-reported and could not be verified due to his age. However, we note that the trial court was well aware of appellant's experience with the criminal justice system, which began in 1994.
 {¶ 26} Second, with regard to R.C. 2929.12(E)(4), the trial court considered appellant's acknowledgement of his addictions and desire to obtain treatment. At the sentencing hearing, the trial court specifically indicated that it considered appellant's history of substance abuse and noted that he has failed to seek out any treatment on his own.
 {¶ 27} Lastly, with respect to R.C. 2929.12(E)(5), the sentencing transcript reveals that appellant acknowledged responsibility for his actions. Although the Adult Probation Department opined that appellant showed no genuine remorse, the trial court commented that it accepted that there appeared to be genuine remorse. While a defendant's comment may be suggestive of some degree of remorse, the trial court is in *Page 7 
a better position to determine whether such remorse was genuine.State v. Eckliffe, 11th Dist. No. 2001-L-105, 2002-Ohio-7136, at ¶ 32. Appellant has failed to show that genuine remorse was not considered by the trial court.
 {¶ 28} The trial court did not abuse its discretion by imposing a more than the minimum sentence upon appellant.
 {¶ 29} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] The instant charges stem from appellant's involvement with a co-defendant, in which they entered the property of First Energy Corporation, located in Concord Township, Lake County, Ohio, for the purpose of removing miscellaneous copper and aluminum materials, causing both property and economic damage. *Page 1