OPINION
{¶ 1} Appellant, Terry L. Brewer, appeals from the September 14, 2007 judgment entry of the Geauga County Court of Common Pleas, in which he was sentenced for driving while under the influence of alcohol ("DUI").
 {¶ 2} On March 31, 2007, appellant was indicted by the Geauga County Grand Jury on five counts: count one, DUI, a felony of the third degree, in violation of R.C. 4511.19(A)(1)(a); count two, DUI, a felony of the third degree, in violation of *Page 2 
R.C. 4511.19(A)(1)(d); count three, endangering children, a misdemeanor of the first degree, in violation of R.C. 2919.22(C)(1); count four, lane of travel upon roadways, a minor misdemeanor, in violation of R.C. 4511.25(A); and driving under suspension, a misdemeanor of the first degree, in violation of R.C. 4510.037(J). Appellant entered a not guilty plea at his arraignment on April 25, 2007.
 {¶ 3} A change of plea hearing was held on July 11, 2007. Pursuant to a plea agreement, appellant pleaded guilty to count two, DUI, a felony of the third degree, in violation of R.C. 4511.19(A)(1)(d). In its July 25, 2007 judgment entry, the trial court accepted appellant's plea, ordered a presentence investigation and report, dismissed the remaining counts, and set the matter for sentencing.
 {¶ 4} Pursuant to its September 14, 2007 judgment entry, the trial court sentenced appellant to five years in prison, ordered him to pay a fine in the amount of $800, and suspended his driver's license for life. It is from that judgment that appellant filed a timely notice of appeal, raising one assignment of error for our review:
 {¶ 5} "The trial court erred in imposing the maximum sentence upon [appellant]."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred by imposing the maximum sentence upon him.
 {¶ 7} Imposition of more-than-minimum, maximum, or consecutive sentences is reviewed for abuse of discretion. Cf. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v. Ferranto
(1925), 112 *Page 3 
Ohio St. 667, 676-678. See, also, State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 54-56; accord, State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 46-49.
 {¶ 8} With regard to R.C. 2929.11 and R.C. 2929.12, this court noted the following in Elswick, supra, at ¶ 53:
 {¶ 9} "R.C. 2929.11 and R.C. 2929.12, two key statutory provisions of Ohio's sentencing scheme, survive after Foster. Even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, R.C. 2929.11 and R.C. 2929.12 must still be considered when sentencing offenders. * * *."
 {¶ 10} R.C. 2929.11 provides in part:
 {¶ 11} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 12} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *Page 4 
 {¶ 13} We indicated the following in State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 41-47:
 {¶ 14} "This court stated in State v. Adams, 11th Dist. No. 2003-L-110, 2005-Ohio-1107, at ¶ 57:
 {¶ 15} "`although "a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences," a court is not required "to make specific findings on the record" in this regard.' State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10. The trial court possesses "broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines." State v. Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8.'
 {¶ 16} "In State v. Spicuzza, 11th Dist. No. 2005-L-078,2006-Ohio-2379, at ¶ 14-15, this court indicated that the Supreme Court of Ohio in Foster, supra, at ¶ 37, stated the following with respect to R.C. 2929.12:
 {¶ 17} "`"(* * *) R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." (Footnote omitted.) The Supreme Court made it clear, however, that "there is no mandate for judicial factfinding in the general guidance statutes(,)" and as such, do not violateBlakely. Id. at ¶ 42. "`"The court is merely to `consider' the statutory factors." Id.' *Page 5 
 {¶ 18} "We additionally stated in Spicuzza at ¶ 16:
 {¶ 19} "`[t]his court has held that, "`although the trial court is required "to consider the seriousness and recidivism factors," the court does not need to "make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."'" State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 16, quoting State v. Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849, at ¶ 15.'
 {¶ 20} "R.C. 2929.12, which serves as a `general judicial guide for every sentencing[,]' remains valid after Foster. Foster, supra, at ¶ 36. Although there is no mandate for judicial factfinding in the general guidance statutes, there is no violation if the trial court makes findings with respect to R.C. 2929.12. State v. Mosier, 11th Dist. No. 2005-P-0100, 2006-Ohio-4187, at ¶ 11."
 {¶ 21} In the case at bar, the trial court sentenced appellant pursuant to Foster. Thus, the trial court was not required to make any findings regarding sentencing appellant to the maximum sentence. However, the trial court was required to and did consider R.C. 2929.11
and R.C. 2929.12, as evidenced from the sentencing hearing as well as in the trial court's judgment entry.
 {¶ 22} At sentencing, the trial court stated the following:
 {¶ 23} "* * * For the record, I would like at this time to reflect that I am considering the plea agreement and the pre-sentence investigation, the statements by counsel and by the Defendant, the record. *Page 6 
 {¶ 24} "I am also mindful of the overall purposes and underlying principles of felony sentencing, and have reviewed the recidivism and the seriousness factors in trying to fashion a fair sentence in this case."
 {¶ 25} The court also indicated the following at the sentencing hearing:
 {¶ 26} "* * * [Y]ou have had a lot of opportunities before, and I note specifically that you have had five felony convictions, including doing some time in prison for a prior OVI.
 {¶ 27} "And this is your eighth conviction for driving under the influence, and you have had a very poor supervision record.
 {¶ 28} "And Mr. Umholtz has done the very best he could with what he had to work with here, in terms of arguing for a lenient sentence or for the jointly recommended sentence.
 {¶ 29} "But it is one that I find that I can't accept, given the fact that you have had prior chances.
 {¶ 30} "You went to NEOCAP. You have had a very poor supervision record, and I find that you are a threat to the community, that you are not amenable to community control, and that you have shown a pattern of drug abuse and a tendency to refuse to acknowledge that pattern and to deal with your problem and to take advantage of the treatment opportunities.
 {¶ 31} "In this case, you had those six kids in the car, all under the age of 9, and you are driving, which to me, is madness.
 {¶ 32} "You have had other kinds of offenses, too. You have had possession of drugs, and crack cocaine and the drug and driving offenses in Tennessee in `05. *Page 7 
 {¶ 33} "I have tried to do my best in finding a way to try and give Terry Brewer another chance, and I am at a loss.
 {¶ 34} "There seems to be no stopping you, and then I see what you have been doing after you had had this horrendous record and you are still drinking, by your own admission, four, twelve packs of beer a week.
 {¶ 35} "Well, I can't let this continue. I am scared for the community. I am scared that you would even consider taking the wheel with all those people in the car with you.
 {¶ 36} "And I am scared about the other members of the public who were driving.
 {¶ 37} "So in my own mind, I have no choice but in this case to impose a lengthy prison sentence and to see that maybe that will change your ways, that will at least keep you off the roadways and remove the threat to the community."
 {¶ 38} In addition, the trial court stated in its September 14, 2007 sentencing order, pursuant to R.C. 2929.19(B)(1), that it considered the record, oral statements, any victim impact statement, presentence report, appellant's ability to pay financial sanctions, as well as the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court indicated that for the reasons stated in the record, a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that appellant is not amenable to an available community control sanction.
 {¶ 39} We conclude that the trial court adequately complied with the statutory requirements, and do not agree with appellant that his sentence is unreasonable. *Page 8 
Based on the record, the trial court did not abuse its discretion by sentencing appellant to the maximum term of imprisonment.
 {¶ 40} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed.
 {¶ 41} The court finds there were reasonable grounds for this appeal.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1