OPINION
{¶ 1} Defendant-appellant, Frank C. Mosier, appeals his sentence in the Portage County Court of Common Pleas following the entry of a guilty plea. Due to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand this matter for resentencing.
 {¶ 2} On November 1, 2005, Mosier entered guilty pleas to one count of Robbery, a felony of the second degree in violation of R.C. 2911.02(A)(2). The statutory sentencing range for a felony of the second degree is between two and eight years. R.C.2929.14(A)(2).
 {¶ 3} On November 23, 2005, following a sentencing hearing, the trial court sentenced Mosier to serve a four-year prison term. Mosier had not previously served time in prison. Therefore, in accordance with R.C. 2929.14(B), the court found that "the minimum sentence would demean the seriousness of the offense."
 {¶ 4} Mosier timely appeals the Judgment Entry of Sentence and raises the following assignments of error:
 {¶ 5} "[1.] The trial court erred in relying on the unconstitutional factors contained in R.C. 2929.14(B) to sentence the defendant-appellant to a term of four years.
 {¶ 6} "[2.] The trial court erred to the prejudice of the defendant-appellant in ordering a term of imprisonment beyond the minimum allowable when the requisite findings under the applicable sentencing statutes were not supported by the facts."
 {¶ 7} Under the first assignment of error, Mosier argues, and the State concedes, that the imposition of sentences greater than the statutory minimum sentence for offenders who have not previously served prison terms violates his Sixth Amendment rights to trial by jury, as held by the Ohio Supreme Court inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, citingApprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v.Washington (2004), 542 U.S. 296.
 {¶ 8} In State v. Foster, the Ohio Supreme Court held that R.C. 2929.14(B), providing that "the shortest prison term authorized" by statute for an offense must be imposed on offenders not having previously served a prison term, unless the sentencing court makes certain "findings," is unconstitutional.2006-Ohio-856, at paragraph one of the syllabus. The Supreme Court further held that R.C. 2929.14(B) is severable from R.C. Chapter 2929, governing felony sentencing. Id. at paragraph two of the syllabus. "After the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. Mosier's first assignment of error has merit.
 {¶ 9} The Supreme Court further held that sentences exceeding the statutory minimum, based on the constitutionally valid R.C.2929.14(B), were void. Id. at ¶ 103. The proper course to follow in this situation "is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. Accordingly, Mosier is entitled to a new sentencing hearing. At this hearing, Mosier "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105. Mosier may also argue for a reduction in his sentence, just as the state may now seek to increase the penalty. Id.
 {¶ 10} Under the second assignment of error, Mosier argues that, despite the decision in Foster, a trial court is still required to consider the seriousness and recidivism factors when imposing a sentence. R.C. 2929.12(A). Mosier maintains that a proper consideration of these factors would demonstrate that the minimum sentence for a second degree felony is the appropriate sentence in the present case.
 {¶ 11} Mosier is correct that R.C. 2929.12(A) remains valid after Foster. In Foster, the court observed that R.C. 2929.12
serves as a "general judicial guide for every sentencing." Id. at ¶ 36. Specifically, R.C. 2929.12(A) "grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.'" Id. at ¶ 37. Since R.C. 2929.12 is only a "general guidance statute," it did not violate the holdings of Blakely and Apprendi. "It is important to note that there is no mandate for judicial factfinding in the general guidance statutes. The court is merely to `consider' the statutory factors." Id. at ¶ 42.
 {¶ 12} In the present case, the trial court stated that it "has considered * * * the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Under Foster, the trial court is required to do nothing more. See State v. Spicuzza, 11th Dist. No. 2005-L-078, 2006-Ohio-2379, at ¶ 16, citing State v. Blake,
11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 16 ("although the trial court is required `to consider the seriousness and recidivism factors,' the court does not need to `make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors").
 {¶ 13} Under Foster, moreover, the Ohio Supreme Court made it clear that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 14} Therefore, the trial court is not required under R.C.2929.12 to adjudicate Mosier to a minimum sentence. The second assignment of error is without merit.
 {¶ 15} For the reasons set forth in Mosier's first assignment of error, we reverse the Judgment Entry of Sentence of the Lake County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Id. at ¶ 107.
Rice, J., concurs, O'Toole, J., concurs in judgment only.