DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Melvin Dossie, appeals the decision of the Summit County Court of Common Pleas, which convicted him of possession of cocaine and tampering with evidence. This Court affirms.
 I. {¶ 2} On July 20, 2005, the Akron Narcotics Unit and Akron SWAT Unit executed a search warrant at 1222 Kinsey Street in Akron, Ohio. Eight members of the SWAT team lined up at the entrance of the home and knocked on the door and identified themselves as police officers. Members of the Narcotics Unit surrounded the perimeter of the residence while members of the SWAT team forcibly opened the door. Officer Brian Nida was the first SWAT team member to enter the house. Officer Nida proceeded immediately to the back bedroom of the house.
 {¶ 3} Officer Scott Williams of the Narcotics Unit was outside the rear of the house and observed a very large hand appearing to be that of a black male outside of the window tossing out a baggie containing crack cocaine a few seconds after the SWAT team entered the house.
 {¶ 4} When Officer Nida reached the back bedroom, he found appellant lying stomach down on the bed with his hands stretched out towards the window above the bed. The only other person present in the bedroom was a white female. One other black male and a black female were also in the house. However, when the SWAT team entered the house, the second black male and the black female appeared to be asleep in the living room.
 {¶ 5} The baggie that was thrown from the bedroom window was retrieved and its contents tested. The baggie contained 13.82 grams of cocaine.
 {¶ 6} Appellant was indicted by the Summit County Grand Jury on one count of possession of cocaine in violation of R.C.2925.11(A), one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Appellant pled not guilty at arraignment, and the matter proceeded to a jury trial. Prior to trial, the State dismissed the trafficking charge. The jury found appellant guilty of possession of cocaine and tampering with evidence. Appellant was sentenced to four years imprisonment for the possession of cocaine conviction and one year imprisonment for the tampering with evidence conviction. The trial court ordered the sentences to be served concurrently with each other for a total term of imprisonment of four years.
 {¶ 7} Appellant timely appealed his convictions, setting forth four assignments of error for review. Appellant's first three assignments of error have been combined to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"MELVIN DOSSIE'S CONVICTIONS FOR POSSESSION OF COCAINE AND TAMPERING WITH EVIDENCE WERE AGAINST THE SUFFICIENCY OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
 SECOND ASSIGNMENT OF ERROR
"MELVIN DOSSIE'S CONVICTIONS FOR POSSESSION OF COCAINE AND TAMPERING WITH EVIDENCE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED TO [APPELLANT'S] PREJUDICE BY DENYING [APPELLANT'S CRIM.R. 29] MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE AND AGAIN AT THE CONCLUSION OF ALL THE EVIDENCE WHERE THE STATE OF THE EVIDENCE WAS SUCH WHERE REASONABLE MINDS COULD NOT FAIL TO FIND REASONABLE DOUBT AND [APPELLANT'S] CONVICTIONS WERE NOT SUPPORTED BY THE TESTIMONY AND EVIDENCE PRESENTED."
 {¶ 8} In his first, second, and third assignments of error, appellant challenges the adequacy of the evidence presented at trial. Specifically, appellant avers that the State failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal and that his convictions for possession of cocaine and tampering with evidence were against the manifest weight of the evidence presented at trial. This Court disagrees.
 {¶ 9} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 10} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing State v.Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
Therefore, this Court will address appellant's claim that his convictions were against the manifest weight of the evidence first, as it is dispositive of his claim of insufficiency.
 {¶ 11} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 12} Appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A) based upon a quantity of cocaine that was tossed out of a bedroom window where appellant was found during the execution of a search warrant. Pursuant to R.C.2925.11(A), "No person shall knowingly obtain, possess, or use a controlled substance." Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). R.C. 2901.21(D)(1) sets forth the requirements for criminal liability and provides: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
 {¶ 13} "Possession may be actual or constructive." State v.Kobi (1997), 122 Ohio App.3d 160, 174. Constructive possession has been defined as "knowingly exercis[ing] dominion and control over [the drugs and manufacturing items], even though [they] may not be within his immediate physical possession." State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus. See, also, Statev. Wolery (1976), 46 Ohio St.2d 316, 329. Furthermore, ownership need not be proven to establish constructive possession. Statev. Mann (1993), 93 Ohio App.3d 301, 308. Circumstantial evidence is sufficient to support the element of constructive possession. See State v. Jenks (1991), 61 Ohio St.3d 259, 272-273.
 {¶ 14} Additionally, R.C. 2901.22(B) defines knowingly as follows:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 15} Officer Brian Nida, a member of Akron Police Department's ("APD") tactical SWAT team, testified on behalf of the State. Officer Nida testified that he participated in the execution of the narcotics search warrant at 1122 Kinzie Street on July 20, 2005. Officer Nida stated that he and his partner were the first officers to enter the house. Officer Nida testified that he went directly to the back bedroom. When asked if he observed anyone exiting the area of the bedroom as he was approaching, Officer Nida responded that he did not encounter anyone on his way back to the bedroom. Officer Nida stated that upon reaching the bedroom, he observed appellant lying on his stomach with his hands stretched out reaching towards the window just above the head of the bed. According to Officer Nida's testimony, the only other person in the bedroom was a white female.
 {¶ 16} Detective Scott Williams of the APD's Narcotics Unit also testified on behalf of the State. Detective Williams stated that he was assigned to the southeast corner of the perimeter. Detective Williams testified that simultaneous with the officers announcing their presence, he observed a "very, very, large black hand" toss a baggie out of the window. Detective Williams stated that he notified Detective Palmer of what he observed. Detective Williams further testified that he did not see anyone else outside.
 {¶ 17} The defense called Sergeant Jason Malick, the team leader of the SWAT team on July 20, 2005, as a witness. Sergeant Malick testified that when he first entered the house, he saw a black female lying on the couch and a black male lying on the floor.
 {¶ 18} After reviewing the above testimony, this Court cannot conclude that appellant's conviction of possession of cocaine is against the manifest weight of the evidence. Appellant was the only black male present in the room from which the baggie containing the cocaine was dropped out of the window. When Officer Nida entered the bedroom, appellant was lying on his stomach on the bed with his arms stretched out towards the window above the bed. The only other black individuals in the house were in the living room and appeared to be sleeping when the officers first entered the residence. Furthermore, this Court notes that appellant admitted to using drugs and to providing security for drug dealers in exchange for free drugs.
 {¶ 19} Appellant was also convicted of tampering with evidence in violation of R.C. 2921.12(A)(1), which provides:
"No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"
In the present case, the members of the SWAT team announced their presence upon arriving at the house where appellant was located. As previously stated, appellant was the only black individual present in the room from which the baggie was thrown from the window. This Court found above that appellant's conviction for possession of cocaine was not against the weight of the evidence. Therefore, there was adequate evidence that his action of throwing the cocaine out of the bedroom window supported the jury's conviction for tampering with evidence. Accordingly, appellant's conviction for tampering with evidence was not against the manifest weight of the evidence.
 {¶ 20} Appellant's first, second, and third assignments of error are overruled.
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY IMPOSING A FOUR YEAR PRISON SENTENCE."
 {¶ 21} In his fourth assignment of error, appellant contends that the trial court erred in sentencing him to a prison term of four years. This Court disagrees.
 {¶ 22} Possession of cocaine is a felony of the second degree and carries a possible prison term of two, three, four, five, six, seven or eight years. The trial court sentenced appellant to a total term of four years. However, appellant argues that the trial court should have sentenced him to two years, the shortest term possible for a felony of the second degree. Appellant further argues that because the trial court did not sentence him to the shortest possible sentence the trial court was required to make the findings found in R.C. 2929.14(B).
 {¶ 23} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact finding. Id. at paragraphs one through seven of the syllabus. "In constructing a remedy, the Foster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute." State v. Gordon, 9th Dist. No. 23009,2006-Ohio-2973, at ¶ 8, citing Foster, supra. Accordingly, appellant may not premise error upon the failure of the trial court to make certain findings which are no longer required by statute. State v. Dudokovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, at ¶ 20.
 {¶ 24} Appellant also asserts that the trial court's sentence is unsupported by the facts. This Court disagrees.
 {¶ 25} Foster altered this Court's standard of review which was previously a clear and convincing error standard. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews appellant's sentence utilizing an abuse of discretion standard. Id. at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 26} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. Therefore, post-Foster, trial courts are still required to consider the general guidance factors contained in R.C. 2929.11
and R.C. 2929.12 in their sentencing decisions. A review of the record in the present matter indicates that the trial court's decision to impose more than the minimum sentence took into account those statutory factors.
 {¶ 27} In support of his argument, appellant asserts that he has previously completed various terms of probation. Appellant also admits that he has a drug problem, but states that he does not sell drugs to others. Appellant also avers that he has mental health issues, that he is homeless, and that he has very little family support.
 {¶ 28} Appellant's arguments, however, ignore the rationale given by the trial court during his sentencing hearing. At appellant's sentencing hearing, the court initially noted that he had been incarcerated before on three separate occasions. The trial court also noted that despite prior incarcerations, appellant had failed to respond favorably to sanctions previously imposed. In addition, the trial court noted that despite prior incarcerations, appellant had failed to change his behavior. Finally, the trial court concluded that appellant is unable to stay away from drugs.
 {¶ 29} Based upon the record before this Court, we cannot say that the trial court failed to take into account the recidivism risk that appellant posed; nor can we conclude that the trial court failed to consider a community control sanction. Appellant was convicted of possession of cocaine, a felony of the second degree. Accordingly, the trial court was permitted to sentence appellant anywhere from two to eight years incarceration. R.C.2929.14(A)(2). The trial court determined that four years was the appropriate sentence for appellant's conduct. This Court finds no abuse of discretion in that determination.
 {¶ 30} Appellant's fourth assignment of error is overruled.
 III. {¶ 31} Appellant's four assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J. Moore, J. concur.