OPINION
{¶ 1} Appellant, Timothy Torok, appeals from the December 15, 2006 judgment entries of the Ashtabula County Court of Common Pleas, in which he was resentenced for illegal assembly or possession of chemicals for the manufacture of drugs.
 {¶ 2} On April 19, 2004, in Case No. 2004-CR-050, appellant was indicted by the Ashtabula County Grand Jury on two counts: count one, felony drug possession, a felony of the fifth degree, in violation of R.C. 2925.11; and count two, illegal assembly or possession *Page 2 
of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041. On April 23, 2004, appellant entered a not guilty plea at his arraignment.
 {¶ 3} On May 24, 2004, in Case No. 2004-CR-150, appellant was indicted by the Ashtabula County Grand Jury on two counts: count one, illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041; and count two, failure to comply with order or signal of police officer, a felony of the third degree, in violation of R.C. 2921.331. On May 28, 2004, appellant entered a not guilty plea at his arraignment.
 {¶ 4} On July 16, 2004, appellant withdrew his former not guilty pleas in both Case Nos. 2004-CR-050 and 2004-CR-150. With respect to Case No. 2004-CR-050, appellant entered a plea of guilty to count two, illegal assembly or possession of chemicals for the manufacture of drugs. Count one, felony drug possession, was dismissed. With regard to Case No. 2004-CR-150, appellant entered a guilty plea to count one, illegal assembly or possession of chemicals for the manufacture of drugs. Count two, failure to comply with order or signal of police officer, was dismissed. The trial court accepted appellant's guilty pleas in both cases.
 {¶ 5} Pursuant to the trial court's October 20, 2004 judgment entries, appellant was sentenced to a term of two years in prison on each conviction, to be served concurrently with each other, and consecutively with a sentence previously imposed in Lake County, Ohio, Case No. 2004-CR-033. It was from those judgments that appellant filed his first appeal, in which he asserted the following assignment of error:[1] *Page 3 
 {¶ 6} "Sentencing in this case violated the Apprendi doctrine as explained in Blakely v. Washington and was therefore unconstitutional."
 {¶ 7} On December 2, 2005, this court affirmed the judgment of the trial court. State v. Torok, 11th Dist. Nos. 2004-A-0082 and 2004-A-0083, 2005-Ohio-6423.
 {¶ 8} On May 3, 2006, the Supreme Court of Ohio reversed our judgment and remanded the case to the trial court for resentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In re Ohio CriminalSentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109.
 {¶ 9} Pursuant to the Supreme Court's remand, on December 14, 2006, a resentencing hearing was held on both cases. In its December 15, 2006 judgment entries, the trial court reimposed appellant's initial sentence. It was from those judgments that appellant filed the instant appeal, in which he makes the following assignments of error:[2]
 {¶ 10} "[1.] The trial court erred by failing to conduct a de novo resentencing hearing.
 {¶ 11} "[2.] The trial court abused its discretion by sentencing appellant to more than the minimum and consecutive terms of incarceration, where the record reveals that such terms are unreasonable.
 {¶ 12} "[3.] Appellant's resentencing violates his right to due process and against the ex post facto application of law, as State v.Foster subjected appellant to an effective raise in the presumptive sentences.
 {¶ 13} "[4.] Appellant's resentencing, pursuant to State v.Foster, violates his right to due process through the deprivation of a liberty interest, as subjected appellant to an effective raise in presumptive sentences." *Page 4 
 {¶ 14} In his first assignment of error, appellant argues that the trial court erred by failing to conduct a de novo resentencing hearing.
 {¶ 15} R.C. 2929.19(A)(1) provides: "[t]he court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender."
 {¶ 16} "* * * [A]ny case that is remanded for `resentencing' anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence." State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 37.
 {¶ 17} In the case at bar, at the resentencing hearing, appellant, who was represented by counsel, was present and given an opportunity to speak on his own behalf; appellant's representative offered a statement on appellant's behalf; appellant's attorney presented evidence showing that he had completed drug and alcohol programs, as well as other programs, since his prior sentencing hearing; and appellant's family members submitted letters to the trial court. The record establishes that the trial court considered evidence from appellant's prior sentencing hearing, as well as new evidence, before resentencing him. *Page 5 
 {¶ 18} Appellant's first assignment of error is without merit.
 {¶ 19} In his second assignment of error, appellant contends that the trial court abused its discretion by sentencing him to more than the minimum and consecutive terms of incarceration, where the record reveals that such terms are unreasonable.
 {¶ 20} This court recently stated in State v. Carter, 11th Dist. No. 2006-P-0056, 2007-Ohio-4953, at ¶ 9-12:
 {¶ 21} "Prior to the landmark decision of the Supreme Court of Ohio inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, * * *, Ohio's appellate courts, applying R.C. 2953.08(G)(2), generally reviewed sentencing questions de novo. See, e.g., State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 11. Sentences were modified, or vacated and remanded, if the appellate court found, `clearly and convincingly,' that the trial court's findings under certain statutory sections were unsupported by the record, R.C. 2953.08(G)(2)(a); or that, `the sentence [was] otherwise contrary to law.' R.C. 2953.08(G)(2)(b).
 {¶ 22} "Foster has changed the sentencing landscape. * * * The Supreme Court specifically held that R.C. 2953.08(G), `insofar as it refers to the severed sections, no longer applies.' Foster, 2006-Ohio-856, at ¶ 99. The imposition of more-than-minimum, maximum, or consecutive sentences is now only to be reviewed for abuse of discretion. Cf.Foster, at paragraph seven of the syllabus. See, also, State v.Fout, 10th Dist. No. 06AP-664, 2007-Ohio-619, at ¶ 10; State v.Schweitzer, 3d Dist. No. 2-06-25, 2006-Ohio-6087, at ¶ 18-19; State v.Kerr, 6th Dist. No. WD-05-080, 2006-Ohio-6058, at ¶ 34; State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 29;State v. *Page 6 Dossie, 9th Dist. No. 23117, 2006-Ohio-5053, at 1J23-25; State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 5-8, 12.
 {¶ 23} "However, we cannot agree with those courts holding that the appellate sentencing statute, R.C. 2953.08(G)(2), is entirely dead. See, e.g., Firouzmandi, 2006-Ohio-5823, at ¶ 37; Windham at ¶ 11; cf.Dossie, 2006-Ohio-5053, at ¶ 25. Foster merely removed its application to the severed sections of the statutory sentencing structure.Foster, 2006-Ohio-856, at ¶ 99. Consequently, we cannot agree that abuse of discretion is the sole standard to be applied when reviewing sentencing questions. See, e.g., State v. Slone, 2d Dist. Nos. 2005 CA 79 and 2006 CA 75, 2007-Ohio-130, at ¶ 7; Schweitzer, 2006-Ohio-6087, at ¶ 19; Dossie, 2006-Ohio-5053, at ¶ 25; Windham, 2006-Ohio-1554, at ¶ 12. Indeed, shortly after the announcement of Foster, the Supreme Court specifically stated that, `* * * the sentencing review statute, R.C.2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster' State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1,
 {¶ 24} "Rather, our review seems now, like Gaul, to be divided into three parts. Questions of law we review, as always, de novo. The de novo and clear and convincing standards continue to apply to those parts of the statutory sentencing structure unaffected by the Foster excisions; for instance, downward departures pursuant to R.C. 2929.13(D), and judicial release pursuant to R.C. 2929.20(H). State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, * * *, paragraph two of the syllabus. Finally, imposition of more-than-minimum, maximum, or consecutive sentences is reviewed for abuse of discretion. Cf. Foster, at paragraph seven of the syllabus. Regarding this last standard, *Page 7 
we recall the term `abuse of discretion' is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v. Ferranto (1925),112 Ohio St. 667, 676-678, * * *. See, also, Firouzmandi, 2006-Ohio-5823, at ¶54-56; accord, State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011, at ¶ 46-49." (Parallel citations omitted.) (Emphasis sic.)
 {¶ 25} With regard to R.C. 2929.11 and R.C. 2929.12, this court noted the following in Elswick, supra, at ¶ 53: "R.C. 2929.11 and R.C.2929.12, two key statutory provisions of Ohio's sentencing scheme, survive after Foster. Even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, R.C.2929.11 and R.C. 2929.12 must still be considered when sentencing offenders. * * *."
 {¶ 26} R.C. 2929.11 provides in part:
 {¶ 27} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 28} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's *Page 8 
conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 29} We indicated the following in State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 41-47:
 {¶ 30} "This court stated in State v. Adams, 11th Dist. No. 2003-L-110, 2005-Ohio-1107, at ¶ 57:
 {¶ 31} "`although "a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences," a court is not required "to make specific findings on the record" in this regard.' State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10. The trial court possesses "broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines." State v. Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8.'
 {¶ 32} "`In State v. Spicuzza, 11th Dist. No. 2005-L-078,2006-Ohio-2379, at ¶ 14-15, this court indicated that the Supreme Court of Ohio in Foster, supra, at ¶ 37, stated the following with respect to R.C. 2929.12:
 {¶ 33} "`"(* * *) R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C.2929.12. These statutory sections provide a nonexclusive list for the court to consider." (Footnote omitted.) The Supreme Court made it clear, however, that "there is no mandate for judicial factfinding in the *Page 9 
general guidance statutes(,)" and as such, do not violateBlakely. Id at ¶ 42. "`"The court is merely to `consider' the statutory factors." Id.'
 {¶ 34} "We additionally stated in Spicuzza at ¶ 16:
 {¶ 35} "`[t]his court has held that, "`although the trial court is required "to consider the seriousness and recidivism factors," the court does not need to "make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."'" State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 16, quoting State v. Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849, at ¶ 15.'
 {¶ 36} "R.C. 2929.12, which serves as a `general judicial guide for every sentencing[,]' remains valid after Foster. Foster, supra, at ¶ 36. Although there is no mandate for judicial factfinding in the general guidance statutes, there is no violation if the trial court makes findings with respect to R.C. 2929.12. State v. Mosier, 11th Dist. No. 2005-P-0100, 2006-Ohio-4187, at ¶ 11."In the instant matter, the trial court sentenced appellant pursuant to Foster. Thus, the trial court was not required to make any findings regarding sentencing appellant to more than the minimum and consecutive terms of imprisonment. However, the trial court was required to and did consider R.C. 2929.11 and R.C. 2929.12, as evidenced from the sentencing hearing as well as in its judgment entries.
 {¶ 37} The trial court stated in its December 15, 2006 sentencing orders, pursuant to R.C. 2929.19(B)(1), that it considered the record, oral statements, any victim impact statement, as well as the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. *Page 10 
The trial court indicated that for the reasons stated in the record, a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that appellant is not amenable to an available community control sanction.
 {¶ 38} We conclude that the trial court adequately complied with the statutory requirements, and do not agree with appellant that his sentence is unreasonable. Based on the record, the trial court did not abuse its discretion by sentencing appellant to more than the minimum and consecutive terms of imprisonment.
 {¶ 39} Appellant's second assignment of error is without merit.
 {¶ 40} In his third assignment of error, appellant alleges that his resentencing violates his right to due process and against the ex post facto application of law, as Foster subjected him to an effective raise in the presumptive sentences.
 {¶ 41} Having been issues of first impression in Elswick, we concluded that Foster did not violate the due process and ex post facto clauses of the Ohio and United States Constitutions, because defendants face the same potential sentence as they did before Foster. See Elswick, supra, at ¶ 16-30 (for a complete and thorough analysis). See, also, State v.Smith, 2d Dist. No. 21004, 2006-Ohio-4405; State v. Newman, 9th Dist. No. 23038, 2006-Ohio-4082; and State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162.
 {¶ 42} Prior to Foster, individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed. R.C. 2929.14(A). Here, appellant pleaded guilty to two counts of illegal assembly or possession of chemicals for the manufacture of drugs, felonies of the third degree, in violation of R.C. 2925.041. Appellant was indicted on the foregoing counts, which alleged that he *Page 11 
committed the offenses in Case No. 2004-CR-050 on or about February 4, 2004, and in Case No. 2004-CR-150 on or about March 30, 2004. Thus, appellant's offenses were committed before Foster, but afterApprendi v. New Jersey (2000), 530 U.S. 466.
 {¶ 43} The range of sentences available for third degree felonies remains unchanged post-Foster. R.C. 2929.14(A)(3) provided fair warning to appellant that he could receive anywhere from one to five years for his third degree felony offenses. Appellant understood and signed his plea agreements in both cases, which he entered into on July 16, 2004. His plea agreements specified the code provisions and the range of the possible prison terms. Again, these provisions have not changed or been enlarged in any manner after Foster. He was originally sentenced on October 20, 2004, prior to Foster. However, pursuant to the Supreme Court's remand, appellant was resentenced on December 15, 2006, according to Foster.
 {¶ 44} Foster does not violate Section 28, Article II of the Ohio Constitution, or Article I, Section 10 of the United States Constitution.
 {¶ 45} In addition, the Supreme Court in Foster did not exceed its power by severing the statutes it found incompatible with the Ohio and United States Constitution. Rather, it employed the same remedy used by the United States Supreme Court in United States v. Booker (2005),543 U.S. 220, in order to bring Ohio's sentencing scheme in line with constitutional mandates.
 {¶ 46} Further, we note that the inferior tribunals of this state are strictly bound by the constitutional mandates and statutory constructions made by the Supreme Court of Ohio. State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 475, (constitutional mandates); State v. Sides, 11th Dist. No. 2005-L-175,2006-Ohio-2778, *Page 12 
at ¶ 13 (statutory constructions). Neither the trial court, nor this court, can alter the remedies prescribed by the Supreme Court in curing a constitutionally-infirm statute.
 {¶ 47} Appellant's third assignment of error is without merit.
 {¶ 48} In his fourth assignment of error, appellant asserts that his resentencing, pursuant to Foster, violates his right to due process through the deprivation of a liberty interest, as it subjected him to an effective raise in presumptive sentences.
 {¶ 49} In support of his argument, appellant relies upon Hicks v.Oklahoma (1980), 447 U.S. 343.
 {¶ 50} In Hicks, the defendant was convicted of trafficking heroin. Under Oklahoma law, a convicted defendant is entitled to have his punishment fixed by the jury. Since he had been convicted of felony offenses twice within the preceding ten years, the jury was instructed, in accordance with Oklahoma's habitual offender statute then in effect, that, if they found the defendant guilty they "`shall assess [the] punishment at forty (40) years imprisonment.'" Id. at 344-345. The jury returned a verdict of guilty and imposed the mandatory 40-year term.
 {¶ 51} Subsequent to his conviction, Oklahoma's habitual offender statute was declared unconstitutional. On appeal, therefore, the defendant sought to have his forty year sentence set aside. The court acknowledged the unconstitutionality of the statute but nevertheless affirmed the defendant's conviction and sentence. The court reasoned that the defendant was not prejudiced by application of the unconstitutional statute because his sentence was within the range of punishment that could have been imposed by the jury. *Page 13 
 {¶ 52} The United States Supreme Court reversed the state court's determination, holding that affirming the conviction and sentence deprived the defendant of a liberty interest without due process of law. Id. at 347. The Court observed that the defendant had a liberty interest in having the jury fix his sentence and, as such, possessed "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion * * *." Id. at 346. The Court reasoned that the state court "denied the petitioner the jury sentence to which he was entitled under state law, simply on the frail conjecture that a jurymight have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision. Such an arbitrary disregard of petitioner's right to liberty is a denial of due process of law." Id. (Emphasis sic.)
 {¶ 53} Post-Foster, a trial court is vested with the discretion to impose any sentence within the ranges set forth in R.C. 2929.14(A) without utilizing the statutorily prescribed procedures. Thus, appellant concludes the Ohio Supreme Court, through Foster, deprived him of his liberty without due process of law. We believe appellant's application of Hicks is unpersuasive.
 {¶ 54} This court stated in State v. Yopp, 11th Dist. No. 2006-A-0042,2007-Ohio-3848, at ¶ 36-37:
 {¶ 55} "In Hicks, Oklahoma afforded a defendant an absolute statutory right to a sentence imposed by a jury. In affirming the sentence, the state court clearly ignored this statutory right and thereby violated that defendant's right to due process. To the contrary, a felony defendant in Ohio has never enjoyed an absolute right to the shortest prison term. While former R.C. 2929.14(B) afforded a felony defendant who had not *Page 14 
served a prior prison term a presumption in favor of the minimum term, this presumption did not confer an absolute statutory right to the minimum term. As appellant never possessed the statutory right to the shortest prison term, Foster did not infringe upon a vested liberty interest.
 {¶ 56} "While Foster affected the procedural means by which Ohio's sentencing courts now impose their selected punishments, the substantive statutory sentencing ranges remain intact. Under Ohio law, both prior to and after Foster, a felony defendant is on notice of the range of punishments to which he or she may be subject upon indictment. See R.C.2929.14(A). Therefore, we hold Foster has no meaningful impact upon a defendant's substantial and legitimate expectations regarding the deprivation of liberty he may suffer at sentencing."
 {¶ 57} In addition, we note that unlike Hicks, defendants in Ohio have no statutory right to jury sentencing. Here, the trial judge properly sentenced appellant to more than the minimum and consecutive terms of incarceration.
 {¶ 58} Appellant's fourth assignment of error is without merit.
 {¶ 59} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, P.J., concurs in judgment only,
CYNTHIA WESTCOTT RICE, J., concurs.
[1] Pursuant to this court's January 4, 2005 judgment entry, we sua sponte consolidated both cases for purposes of briefing, oral argument, and disposition.
[2] Pursuant to this court's January 25, 2007 judgment entry, we consolidated both cases for purposes of briefing, oral argument, and disposition. *Page 1