OPINION
{¶ 1} Appellant, Beau J. Allen, appeals from the March 14, 2007 judgment entry of the Geauga County Court of Common Pleas, in which he was sentenced for petty theft, breaking and entering, and attempted aggravated arson.
 {¶ 2} On April 18, 2006, appellant was indicted by the Geauga County Grand Jury on twelve counts: six counts of breaking and entering, felonies of the fifth degree, in violation of R.C. 2911.13(A); three counts of petty theft, misdemeanors of the first degree, in violation of R.C. 2913.02(A)(1); one count of attempted arson, a felony of the *Page 2 
fifth degree, in violation of R.C. 2923.02(A); one count of arson, a felony of the fourth degree, in violation of R.C. 2909.03(A)(1); and one count of aggravated arson, a felony of the first degree, in violation of R.C. 2909.02(A)(1). On April 19, 2006, appellant entered a not guilty plea.
 {¶ 3} A change of plea hearing was held on January 12, 2007. Pursuant to a plea agreement, appellant pleaded guilty to two counts of petty theft, misdemeanors of the first degree, in violation of R.C.2913.02(A); two counts of breaking and entering, felonies of the fifth degree, in violation of R.C. 2911.13(A); and one count of attempted aggravated arson, a felony of the second degree, in violation of R.C.2923.02(A). In its January 30, 2007 judgment entry, the trial court accepted appellant's plea, ordered a presentence investigation, dismissed the remaining counts in the indictment, and set the matter for sentencing.
 {¶ 4} Pursuant to its March 14, 2007 judgment entry, the trial court sentenced appellant to ninety days for one of the petty theft counts, and one hundred twenty days for the other petty theft count; twelve months on each of the breaking and entering charges; and eight years for attempted aggravated arson, all to be served concurrently to each other. Appellant was given credit for three hundred forty-nine days for time served. The trial court further ordered appellant to pay restitution in excess of $21,000. It is from that judgment that appellant filed the instant appeal, raising two assignments of error for our review:
 {¶ 5} "[1.] [Appellant's] guilty plea was not knowingly, intelligently and voluntarily made in violation of [Crim.R.] 11. *Page 3 
 {¶ 6} "[2.] The trial court abused its discretion in imposing the maximum sentence to [appellant]."
 {¶ 7} In his first assignment of error, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily made, in violation of Crim.R. 11.
 {¶ 8} Crim.R. 11(C)(2) addresses the requirements for guilty pleas and provides: "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 9} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 10} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 11} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 12} "* * * [A] defendant, who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made, must demonstrate a prejudicial effect *Page 4 
of which the test is whether the plea would have otherwise been made."State v. Scarnati (Feb. 22, 2002), 11th Dist. No. 2001-P-0063, 2002 Ohio App. LEXIS 776, at 12, citing State v. Nero (1990), 56 Ohio St.3d 106,108.
 {¶ 13} The Supreme Court of Ohio, in State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, syllabus, stated that: "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance." Id. at ¶ 12, citingNero, supra, at 107. The totality of the circumstances surrounding the plea is taken into account when determining whether there was substantial compliance with Crim.R. 11. Griggs at ¶ 12.
 {¶ 14} In the case at bar, appellant stipulated that the trial court complied with the requirements of Crim.R. 11(C)(2)(c). Thus, we will focus our analysis on Crim.R. 11(C)(2)(a) and (b).
 {¶ 15} At the change of plea hearing, it was apparent that appellant's counsel had previously gone over the charges with him, and appellant indicated that he understood the plea. A review of the transcript from the plea hearing shows that the trial court engaged in the requisite Crim.R. 11 colloquy, and that appellant understood the nature of the charges.
 {¶ 16} The trial court's dialogue with appellant was thorough and, by all indications, appellant, who was represented by counsel, understood the implications of *Page 5 
his plea and the rights he was waiving. The trial court complied with the provisions of Crim.R. 11(C). Before accepting appellant's guilty plea, the trial court determined that appellant made his guilty plea voluntarily, and that he understood the nature of the charges against him and of the maximum penalty involved. Crim.R. 11(C)(2)(a). The trial court properly noted that there was a presumption of prison time for a guilty plea on the charge of attempted aggravated arson, a second degree felony. See R.C. 2929.13(D)(1); State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Also, appellant fails to demonstrate that he would not have pleaded guilty had the trial court informed him that community control was not a viable option. Thus, appellant has not demonstrated that the trial court's acceptance of his plea in any way prejudiced him.
 {¶ 17} In addition, the trial court informed appellant of and determined that he understood the effect of his guilty plea. Crim.R. 11(C)(2)(b). Although the trial court did not inform appellant that it could proceed directly to sentencing, the matter was referred to the probation department for a presentence investigation and scheduled for a later sentencing hearing. Appellant fails to show that there was a prejudicial effect due to the trial court's failure to inform him that it could proceed directly to judgment and sentencing. See State v.Hughes (Oct. 26, 2001), 11th Dist. No. 2000-A-0046, 2001 Ohio App. LEXIS 4800, at 6.
 {¶ 18} Also, although appellant has a history of mental health concerns, he was found competent to stand trial as well as capable to assist his legal counsel. This court stated in State v. Swift (1993), 86 Ohio App.3d 407, 411:
 {¶ 19} "R.C. 2945.37(A) states that a criminal defendant is presumed competent to stand trial unless it is established that he is unable to understand the nature of the *Page 6 
proceedings and cannot assist in his defense. In interpreting this definition, the Ohio Supreme Court has stated that mere emotional or mental instability is not the same as incompetency: `A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.'State v. Bock (1986), 28 Ohio St.3d 108, 110 * * *." (Parallel citation omitted.)
 {¶ 20} The record before us does not suggest that appellant's mental concerns interfered with his ability to understand the nature of the proceedings. Both the trial court and appellant's representative were satisfied that his guilty plea was knowingly, intelligently, and voluntarily made.
 {¶ 21} Also, the trial court asked appellant if it was his wish to plead guilty in accordance with the plea deal, to which he answered in the affirmative with his counsel's consent.
 {¶ 22} Nothing before this court leads us to conclude that appellant's plea was not knowing, voluntary, or intelligent. Based on the totality of the circumstances, the trial court substantially complied with the requirements of Crim.R. 11. As such, the trial court did not err by accepting appellant's guilty plea.
 {¶ 23} Appellant's first assignment of error is without merit.
 {¶ 24} In his second assignment of error, appellant alleges that the trial court abused its discretion by imposing the maximum sentence.
 {¶ 25} By way of background, this court recently stated in State v.Carter, 11th Dist. No. 2006-P-0056, 2007-Ohio-4953, at ¶ 9-12:
 {¶ 26} "Prior to the landmark decision of the Supreme Court of Ohio inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 * * *, Ohio's appellate courts, applying R.C. *Page 7 2953.08(G)(2), generally reviewed sentencing questions de novo. See, e.g., State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 11. Sentences were modified, or vacated and remanded, if the appellate court found, `clearly and convincingly,' that the trial court's findings under certain statutory sections were unsupported by the record, R.C.2953.08(G)(2)(a); or that, `the sentence [was] otherwise contrary to law.' R.C. 2953.08(G)(2)(b).
 {¶ 27} "Foster has changed the sentencing landscape. * * * The Supreme Court specifically held that R.C. 2953.08(G), `insofar as it refers to the severed sections, no longer applies.' Foster, 2006-Ohio-856, at ¶ 99. The imposition of more-than-minimum, maximum, or consecutive sentences is now only to be reviewed for abuse of discretion. Cf.Foster, at paragraph seven of the syllabus. See, also, State v.Fout, 10th Dist. No. 06AP-664, 2007-Ohio-619, at ¶ 10; State v.Schweitzer, 3d Dist. No. 2-06-25, 2006-Ohio-6087, at ¶ 18-19; State v.Kerr, 6th Dist. No. WD-05-080, 2006-Ohio-6058, at ¶ 34; State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 29;State v. Dossie, 9th Dist. No. 23117, 2006-Ohio-5053, at ¶ 23-25;State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 5-8, 12.
 {¶ 28} "However, we cannot agree with those courts holding that the appellate sentencing statute, R.C. 2953.08(G)(2), is entirely dead. See, e.g., Firouzmandi, 2006-Ohio-5823, at ¶ 37; Windham at ¶ 11; cf.Dossie, 2006-Ohio-5053, at ¶ 25. Foster merely removed its application to the severed sections of the statutory sentencing structure.Foster at ¶ 99. Consequently, we cannot agree that abuse of discretion is the sole standard to be applied when reviewing sentencing questions. See, e.g., State v. Slone, 2d Dist. Nos. 2005 CA 79 and 2006 CA 75,2007-Ohio-130, at ¶ 7; Schweitzer, 2006- *Page 8 
Ohio-6087, at ¶ 19; Dossie, 2006-Ohio-5053, at ¶ 25; Windham,2006-Ohio-1544, at ¶ 12. Indeed, shortly after the announcement ofFoster, the Supreme Court specifically stated that, `* * * the sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster.'State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245 * * *, at ¶ 4, fn. 1.
 {¶ 29} "Rather, our review seems now, like Gaul, to be divided into three parts. Questions of law we review, as always, de novo. The de novo and clear and convincing standards continue to apply to those parts of the statutory sentencing structure unaffected by the Foster excisions; for instance, downward departures pursuant to R.C. 2929.13(D), and judicial release pursuant to R.C. 2929.20(H). State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855 * * *, paragraph two of the syllabus. Finally, imposition of more-than-minimum, maximum, or consecutive sentences is reviewed for abuse of discretion. Cf. Foster, at paragraph seven of the syllabus. Regarding this last standard, we recall the term `abuse of discretion' is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g.,State v. Ferranto (1925), 112 Ohio St. 667, 676-678 * * *. See, also,Firouzmandi, 2006-Ohio-5823, at ¶ 54-56; accord, State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 46-49." (Emphasis sic.) (Parallel citations omitted.)
 {¶ 30} With regard to R.C. 2929.11 and R.C. 2929.12, this court noted the following in State v. Elswick, supra, at ¶ 53: "R.C. 2929.11 and R.C. 2929.12, two key statutory provisions of Ohio's sentencing scheme, survive after Foster. Even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, *Page 9 
R.C. 2929.11 and R.C. 2929.12 must still be considered when sentencing offenders. * * *."
 {¶ 31} In State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 38-47, this court stated:
 {¶ 32} "R.C. 2929.11 provides in part:
 {¶ 33} "`(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 34} "`(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.'
 {¶ 35} "This court stated in State v. Adams, 11th Dist. No. 2003-L-110, 2005-Ohio-1107, at ¶ 57:
 {¶ 36} "`although "a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences," a court is not required "to make specific findings on the record" in this regard.' State v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10. The trial court possesses "broad discretion to *Page 10 
determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines." State v.Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at 8.'
 {¶ 37} "In State v. Spicuzza, 11th Dist. No. 2005-L-078,2006-Ohio-2379, at ¶ 14-15, this court indicated that the Supreme Court of Ohio in Foster, supra, at ¶ 37, stated the following with respect to R.C. 2929.12:
 {¶ 38} "`"(* * *) R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C.2929.12. These statutory sections provide a nonexclusive list for the court to consider." (Footnote omitted.) The Supreme Court made it clear, however, that "there is no mandate for judicial factfinding in the general guidance statutes(,)" and as such, do not violateBlakely. Id at ¶ 42. `"The court is merely to `consider' the statutory factors." Id.'
 {¶ 39} "We additionally stated in Spicuzza at ¶ 16:
 {¶ 40} "`[t]his court has held that, "`although the trial court is required "to consider the seriousness and recidivism factors," the court does not need to "make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."`" State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 16, quoting State v. Matthews, 11th Dist. No. 2003-L-043, 2004-Ohio-1849, at ¶ 15.'
 {¶ 41} "R.C. 2929.12, which serves as a `general judicial guide for every *Page 11 
sentencing[,]' remains valid after Foster. Foster, supra, at ¶ 36. Although there is no mandate for judicial factfinding in the general guidance statutes, there is no violation if the trial court makes findings with respect to R.C. 2929.12. State v. Mosier, 11th Dist. No. 2005-P-0100, 2006-Ohio-4187, at ¶ 11."
 {¶ 42} In the instant case, the trial court sentenced appellant pursuant to Foster. Thus, the trial court was not required to make any findings regarding sentencing appellant to the maximum term of imprisonment. However, the trial court was required to and did consider R.C. 2929.11 and R.C. 2929.12, as evidenced from the sentencing hearing as well as in its judgment entry.
 {¶ 43} The trial court stated in its March 14, 2007 sentencing order, pursuant to R.C. 2929.19(B)(1), that it considered the record, oral statements, any victim impact statement, presentence report, appellant's ability to pay financial sanctions, as well as the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12.[1] The trial court indicated that for the reasons stated in the record, a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that appellant is not amenable to an available community control sanction.
 {¶ 44} We conclude that the trial court adequately complied with the statutory requirements, and do not agree with appellant that his sentence is unreasonable. Based on the record, the trial court did not abuse its discretion by sentencing appellant to the maximum term of imprisonment. *Page 12 
 {¶ 45} Appellant's second assignment of error is without merit.
 {¶ 46} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., concurs,
TIMOTHY P. CANNON, J., concurs in judgment only.
[1] Appellant also alleges that the trial court erred by ordering him to pay restitution. We disagree. The trial court took into consideration appellant's ability to pay sanctions. In addition, appellant did not make a showing of indigency. See State v. Akers (Aug. 22, 1997), 11th Dist. No. 95-P-0132, 1997 Ohio App. LEXIS 3772, at 4-5.